IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. VANVLEET, #S08914, | |
| Plaintiff, | Case No. 22-cv-00008-SPM |
| v. | |
| MENARD CORRECTIONAL CENTER, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mark VanVleet, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### COMPLAINT

VanVleet alleges the following: On February 19, 2019, he was injured by Mount Carmel police officers. (Doc. 1). Since the incident, he has had internal bleeding issues and two seizures.

VanVleet arrived at Menard Correctional Center on March 17, 2020. After bleeding badly for five months, he had a surgical procedure at an outside hospital on August 21, 2020. He was supposed to return to the hospital for a follow up appointment three weeks after surgery. VanVleet states he has been "bleeding worse and worse." The correctional officers and healthcare unit staff know of his condition, but he does not receive a response to his complaints.

VanVleet was told by a correctional officer that because he has a civil suit against the Mount Carmel police officers the correctional officer was told to fire VanVleet from his prison job and not give VanVleet good time credits for working. VanVleet says he also learned that because of his civil suit staff members are denying him medical care.

## DISCUSSION

VanVleet has not named a suable entity for his Section 1983 claims, and therefore, he has failed to state a claim for relief. FED. R. CIV. P. 8(a). The only named defendant is Menard Correctional Center, which is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Accordingly, the Complaint is dismissed without prejudice. However, VanVleet will be given an opportunity to replead his claims in an amended complaint.

## MOTION FOR RECRUITMENT OF COUNSEL

VanVleet has filed two motions asking the Court to appoint him an attorney to represent him in this case. (Doc. 3, 10). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

As to the first question, VanVleet names four lawyers he has contacted to represent him in this matter but states they informed him they do not "do civil litigation." Only contacting attorneys who do not regularly take civil cases does not demonstrate reasonable attempts to independently

obtain counsel. Additionally, VanVleet has not included the addresses of these attorneys or copies of declination letters. Thus, the motions for recruitment of counsel are denied.

Should VanVleet choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three more attorneys who practice in the area of civil litigation regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motions for Recruitment of Counsel are **DENIED.** (Doc. 3, 10).

VanVleet is **GRANTED** leave to file a "First Amended Complaint" on or before **June 17, 2022.** It is strongly recommended that VanVleet use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00008-SPM). Further, VanVleet should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail VanVleet a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.

1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If VanVleet fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

VanVleet is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, VanVleet is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 20, 2022**

  _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**