# UNITED STATES DISTRICT COURT
## for the
## Southern District of Illinois

SCANNED at MENARD and E-mailed
6-13-22 by SS  13 pages
Date   initials   No.

Plaintiff(s)/Petitioner(s): Mark Van Vleot

Case Number: 3:22-CV-00008-SPM
(Clerk's Office will provide)

v.

Defendant(s)/Respondent(s): Warden Anthony Wills et. al.
N.P. Mr. Moldenauer et. al.

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680, or other law

## I.  JURISDICTION

**Plaintiff:**

A.  Plaintiff's mailing address, register number, and present place of confinement.  P.O. Box 1000, Menard, Ill. 62259
Mark Van Vleet #S08914    X-D-16

**Defendant #1:**

B.  Defendant __Anthony Wills et. al.__ is employed as
(a)  (Name of First Defendant)

__Warden__
(b)  (Position/Title)

with __Menard Correctional Center I.D.O.C.__
(c)  (Employer's Name and Address)

__P.O. Box 1000, Menard, Ill. 62259__

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ☑ Yes   ☐ No

If your answer is YES, briefly explain:

He's been the warden here since I got here on 3/17/20.

Rev. 10/3/19

**Defendant #2:**

C.  Defendant __N.P. — Mr. Moldenauer et.al.__ is employed as
(Name of Second Defendant)

__Nurse Practitioner__
(Position/Title)

with __Menard Correctional Center, P.O. Box 1000, Menard, Ill, 62259__
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain: __He's the primary nurse practitioner that I've dealt with since coming here 3/17/20.__

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).
__N/A due to not knowing the rest of the healthcare assistants names.__

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☒Yes ☐No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1. Parties to previous lawsuits:
   Plaintiff(s): Mark Van Vleet

   Defendant(s): Mt. Carmel Police Dept, et. al.

2. Court (if federal court, name of the district; if state court, name of the county): Southern District of Illinois

3. Docket number: 3-21-cv-000222-00K NJRK

4. Name of Judge to whom case was assigned: Rosenstengel

5. Type of case (for example: Was it a habeas corpus or civil rights action?): Civil Rights (Police Brutality) excessive force

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): dismissed, appealed then closed for failing to state a claim, due to not having knowledge in these matters or an appropriate attorney to help

Rev. 10/3/19

3/25/22

7. Approximate date of filing lawsuit: Early 2021 1st-6th month (paperwork at home)

8. Approximate date of disposition: 6-12th month late 2021 (")

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" For having no lawyer to help me, so I don't know how to state a claim, and no, no strikes for good reasons.

### III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? ☒ Yes ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes ☐ No

C. If your answer is YES,
   1. What steps did you take? I've repeatedly spoken to the staff here, filed grievances without responses, have asked for proper medical care with the HCU here.
   2. What was the result? I've been denied proper or even timely medical care since being here. So I've bled terribly the whole time I've been here. Showing negligence (extreme). My journal has already been sent home.

D. If your answer is NO, explain why not. Nothing timely reasonable at all!

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No

F. If your answer is YES,
   1. What steps did you take?

Rev. 10/3/19

2. What was the result?


G. If your answer is NO, explain why not.


H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

I have a handwritten journal that I sent home with my wife, of all of the kites, requests for medical care, grievances, dates, appointments, and the really hateful and incompetent replies of the officers and healthcare staff responses since being here! I've got everything documented by (handwritten copies of kites) and or responses of et.al. here. So in order to properly show the proof of the negligence of the medical care here. This really needs an attorney's expertise to see the facts are presented properly. I even have my cellmate and other eyewitnesses to these neglectful behaviors also in my journal of events. And their signed statements of these events, and their views of this treatment and negligence. Also, due to June 17th deadline for this, it would be impossible for me to get all of the documents and exact copies of all requests etc. But they can be ready to present for trial really soon! My MSR out date is 6/24/22 so after that date, I can present to an attorney and a jury pretty quickly!

Rev. 10/3/19

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

My 8th and My 14th Amendments, have been violated and has been actually denied to me. Since arriving here on 3/17/20, I've not been allowed proper medical care for terrible internal bleeding. I came here to Menard Correctional Center, already having a scheduled surgery at Deaconess Hospital, Evansville Ind. I've made this medical issue well known to all of the staff here, my wife and family all have also. I've basically had to bleed terribly, not excersize, just stay in the cell to keep from bleeding too badly. Then have to try to not have issues with other inmates and to avoid explaining all the blood loss. To just be treated terrible by the officers (talking of my bleeding loudly) about the G.I. bleeding. Which also puts me at risk of (PREA) issues. Which I addressed while still in receiving and was basically threatened by grievance officers to say it was just a missunderstanding. I've got all of these documents at home. My out date is 6/24/22, so I can get them all for that counts!

Rev. 10/3/19

V. **REQUEST FOR RELIEF**

*Cruel and unusual punishment, due process violations against me.*

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

*I'm seeking acknowlegment by the people of the State of Illinois of the horrible treatment here. And for the physical pain, lack of motion, stress from treatment of these individuals, and terrible bleeding. I am seeking monetary compensation. Rehabilitation is gonna take and punitive. For 8th & 14th ammendment violations. forever more.*

VI. **JURY DEMAND** *(check one box below)*

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 6/1/22 (date)

Signature of Plaintiff: *Mark Van Vleet*

P.O. Box 1000
Street Address

Printed Name: Mark Van Vleet

Menard, IL, 62259
City, State, Zip

Prisoner Register Number: #S08914

Signature of Attorney (if any)

Rev. 10/3/19

**Shevlin, Shelley**

| | |
|---|---|
| **From:** | ilsd_nef@ilsd.uscourts.gov |
| **Sent:** | Friday, May 20, 2022 10:39 AM |
| **To:** | ilsd_nef@ilsd.uscourts.gov |
| **Subject:** | [External] Activity in Case 3:22-cv-00008-SPM Van Vleet v. Menard Correctional Center Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 5/20/2022 at 10:39 AM CDT and filed on 5/20/2022
**Case Name:**    Van Vleet v. Menard Correctional Center
**Case Number:**  3:22-cv-00008-SPM
**Filer:**
**Document Number:** 11

**Docket Text:**
**ORDER: The Complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. The Motions for Recruitment of Counsel are DENIED. (Doc. [3], [10]). VanVleet is GRANTED leave to file a "First Amended Complaint" on or before June 17, 2022. The Clerk is DIRECTED to mail VanVleet a blank civil rights complaint form. Failure file a First Amended Complaint within the allotted time or consistent with the instructions in this Order will result in dismissal of this entire case with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Signed by Judge Stephen P. McGlynn on 5/20/2022. (jrj)**

**3:22-cv-00008-SPM Notice has been electronically mailed to:**

**3:22-cv-00008-SPM Parties and Attorneys without registered email addresses requiring notice by other means:**

Mark A. Van Vleet
S08914
MENARD CORRECTIONAL CENTER
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

The following document(s) are associated with this transaction:

1

Case 3:22-cv-00008-SPM   Document 11   Filed 05/20/22   Page 1 of 4   Page ID #39
Case 3:22-cv-00008-SPM   Document 12   Filed 06/13/22   Page 9 of 14   Page ID #42

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK A. VANVLEET,
#S08914,

        Plaintiff,

v.

MENARD CORRECTIONAL CENTER,

        Defendant.

Case No. 22-cv-00008-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mark VanVleet, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### COMPLAINT

VanVleet alleges the following: On February 19, 2019, he was injured by Mount Carmel police officers. (Doc. 1). Since the incident, he has had internal bleeding issues and two seizures.

VanVleet arrived at Menard Correctional Center on March 17, 2020. After bleeding badly for five months, he had a surgical procedure at an outside hospital on August 21, 2020. He was supposed to return to the hospital for a follow up appointment three weeks after surgery. VanVleet states he has been "bleeding worse and worse." The correctional officers and healthcare unit staff know of his condition, but he does not receive a response to his complaints.

Page 1 of 4

VanVleet was told by a correctional officer that because he has a civil suit against the Mount Carmel police officers the correctional officer was told to fire VanVleet from his prison job and not give VanVleet good time credits for working. VanVleet says he also learned that because of his civil suit staff members are denying him medical care.

## DISCUSSION

VanVleet has not named a suable entity for his Section 1983 claims, and therefore, he has failed to state a claim for relief. FED. R. CIV. P. 8(a). The only named defendant is Menard Correctional Center, which is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Accordingly, the Complaint is dismissed without prejudice. However, VanVleet will be given an opportunity to replead his claims in an amended complaint.

## MOTION FOR RECRUITMENT OF COUNSEL

VanVleet has filed two motions asking the Court to appoint him an attorney to represent him in this case. (Doc. 3, 10). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

As to the first question, VanVleet names four lawyers he has contacted to represent him in this matter but states they informed him they do not "do civil litigation." Only contacting attorneys who do not regularly take civil cases does not demonstrate reasonable attempts to independently

obtain counsel. Additionally, VanVleet has not included the addresses of these attorneys or copies of declination letters. Thus, the motions for recruitment of counsel are denied.

Should VanVleet choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three more attorneys who practice in the area of civil litigation regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motions for Recruitment of Counsel are **DENIED.** (Doc. 3, 10).

VanVleet is **GRANTED** leave to file a "First Amended Complaint" on or before **June 17, 2022.** It is strongly recommended that VanVleet use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00008-SPM). Further, VanVleet should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail VanVleet a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.

1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If VanVleet fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

VanVleet is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, VanVleet is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 20, 2022**

s/Stephen P. McGlynn<br>
**STEPHEN P. MCGLYNN**<br>
**United States District Judge**

also mail a copy of that document to all other parties, or if they have counsel, to that attorney. When you file your paper with the clerk, you must include a **Certificate of Service**, using the format shown below. Any pleading or other document received by the court that fails to include a certificate of service may be disregarded. Note, however, that some prison facilities participate in an electronic filing program. **In general, you are not required to mail copies of documents to parties if your facility participates in an electronic filing program, because parties who participate in electronic filing will receive the document electronically.** And, pursuant to General Order No. 2012-1, the clerk will mail a copy of electronically filed documents to any party who does not receive the document electronically. You may, however, be required to mail copies of a proposed document, such as a proposed amendment to a pleading. Additional information about electronic filing (and General Order No. 2012-1) is available through prison library staff.

---

### CERTIFICATE OF SERVICE

I certify that a copy of this _First Amended Complaint_ was mailed/delivered
(Name of Document)

to _Anthony Wills (Warden)_ on _6/1/22_
(Name and Address of Party/Attorney)        (Date)

_Nurse Practitioner Moldenauer_
_P.O. Box 1000,_
_Menard, Ill. 62259_

_Mark Van Vleet_
Signature

_Mark Van Vleet_
Printed Name

---

12. Do not write letters to the court regarding your case. Such contact is improper. If you wish to provide information or ask the court to do something, you must file a motion with the clerk.

13. You are responsible for learning and following the procedures that govern the court process. The district judges, magistrate judges, clerk of court, and their staff are forbidden as a matter of law from providing legal advice. Legal advice should be sought from an attorney or legal clinic.

Page 3 of 4



6-13-22

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**
prisoner.esl@ilsd.uscourts.gov

**ELECTRONIC FILING COVER SHEET**

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: VanVleet, Mark
ID Number: S08914

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?  Yes or **(No)**

    If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?  **(Yes)** or No

    If yes, please list case number: 3:22-CV-00008-SPM

    If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?  **(Yes)** or No

    If yes, please list case number: 3:22-CV-00008-SPM

    If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: 13

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| First Amended Complaint | 7 |
| Exhibits | 5 |
| Certificate of Service | 1 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.