IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK A. VANVLEET,
#S08914,

        Plaintiff,

v.

ANTHONY WILLS, and
MOLDENAUER,

        Defendants.

Case No. 22-cv-00008-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mark VanVleet, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The First Amended Complaint now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## First Amended Complaint

VanVleet alleges that since arriving at Menard Correctional Center on March 17, 2020, he has not been provided proper medical care for gastrointestinal bleeding. (Doc. 12, p. 6). At the time of his transfer to Menard, he had a surgery scheduled at Deaconess Hospital in Evansville, Indiana, which he did not receive. His continues to suffer from "terrible internal bleeding."

Based on these allegations, the Court finds it convenient to designate the following count:

    **Count 1:**    Eighth Amendment deliberate indifference claim against Wills and Moldenauer for delaying and/or denying Plaintiff adequate medical treatment for his gastrointestinal bleeding.

**DISCUSSION**

Although Plaintiff's Complaint is brief, construing his allegations liberally, the Court finds that he has stated an Eighth Amendment claim of deliberate indifference against Warden Wills and Nurse Practitioner Moldenauer for failing to provide him constitutionally adequate treatment for his serious medical needs. He states that Moldenauer is the medical care provider he has "dealt with since" his arrival at Menard, and he and his family have made all staff aware of his medical issues. The Court presumes that by referring to "staff," Plaintiff is including Warden Wills. Accordingly, Count 1 survives preliminary review.

In addition to asserting his claims under the Eighth Amendment, Plaintiff states that his rights under the Fourteenth Amendment have also been violated. (Doc. 12, p. 6). To the extent Plaintiff is asserting a substantive due process claim under the Fourteenth Amendment, the claim is dismissed. The Supreme Court and Seventh Circuit have made it clear that plaintiffs should "resort to the substantive guarantees of the Due Process Clause for relief only when there is not 'a particular Amendment [that] provides an explicit textual source of constitutional protection against a particular sort of government behavior.'" *Childress v. Walker*, 787 F.3d 433, 438 (7th Cir. 2015) (quoting *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998)) (internal quotation marks omitted). Here, the Eighth Amendment provides an explicit source of constitutional protection and therefore displaces Plaintiff's substantive due process claim.

The Court also dismisses any claims Plaintiff is attempting to bring against other staff members at Menard. Plaintiff claims that officers have treated him terribly, talking about his medical condition loudly, and putting him at risk of PREA issues. He also asserts that he was threatened by grievance officers to withdraw a PREA complaint he had filed. These allegations are not asserted against any named defendants, and so are dismissed without prejudice.

**DISPOSITION**

For the reasons stated, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Defendants Wills and Moldenauer.

As this case involves issues concerning Plaintiff's medical care, the Clerk is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Wills and Moldenauer the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff and the judgment includes the payment of costs

under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   May 10, 2023

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.